United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-61058
Summary Calendar

LAL TLAN THANGA ,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review from the Board of Immigration Appeals
(No. A 78 318 171)

Before BARKSDALE, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lal Tlan Thanga petitions this court for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"), which affirmed the immigration judge's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). For the reasons that follow, we deny the petition

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

for review.

## I. FACTS AND PROCEEDINGS

Mr. Lal is a citizen of Burma who entered the United States on July 24, 2002 without inspection. On July 26, 2002, the former Immigration and Naturalization Service ("INS") initiated removal proceedings against him, charging him as an alien subject to removal under the Immigration and Nationality Act ("INA"), § 212(a)(6)(A)(i). 8 U.S.C. § 1182(a)(6)(A)(i). Mr. Lal appeared before the immigration judge ("IJ"), admitted to the charges of removability, and also submitted an application for asylum, withholding of removal, and protection under the CAT.

Mr. Lal was the only witness at his hearing before the IJ. He testified that he is part of the Chin ethnic minority. The Chin are largely Christians in an otherwise dominantly Buddhist country; Mr. Lal is a Christian. He is also affiliated with the political group called the Chin National Front ("CNF"), which challenges the Burmese political system. He testified that he fears future persecution because of these affiliations. Specifically, he fears he will be arrested or killed by the Burmese government if he returns to Burma. He claims there is no safe place in the country for him to live.

In response to questions about past persecution, Mr. Lal testified that, in 1990 and 1991, he was beaten by the Burmese government because he suffered an illness and could not pay the government when unable to work. When questioned about this practice, Mr. Lal replied that non-Chin people also had to pay the government when unable to work.

2

Mr. Lal also stated that he was forced to work without compensation on five different occasions, each for a week's duration. Due to his Chin ethnicity, his land was confiscated in 1998, and his family was ordered not to participate in Christian worship services.

Mr. Lal stated that he joined the CNF in 1990 and that the government is aware of his affiliation. He said that he knew three members of the organization who were killed by the Burmese government. After a village elder advised him to escape, Mr. Lal fled to India in 2001, where he stayed in a friend's hut for approximately one year. Mr. Lal testified that, in his absence, the Burmese government came looking for him and that the authorities raped his wife when she refused to disclose his whereabouts. In 2002, Mr. Lal traveled to Mexico with fourteen other individuals. While in Mexico, he and his friends rented a van and entered the United States by way of El Paso. Although he did not have a visa, Mr. Lal testified that the border patrol admitted him and the others in the van.

In his decision, the IJ demonstrated his concern with Mr. Lal's credibility. Specifically, he doubted the plausibility of Mr. Lal's entry into the United States. He also questioned why Mr. Lal first mentioned his wife's rape at the hearing, even though Mr. Lal had known of the fact for five months. The IJ was particularly troubled by the fact that Mr. Lal was the sole person to testify and that he presented no documentary evidence or affidavits. The IJ observed that some of the friends Mr. Lal mentioned whom he knew in the United States or with whom he had traveled could have come forward, or letters from friends in India could have been produced. Though the IJ determined that evidence should have been reasonably available in corroboration of Mr. Lal's story, none was given.

3

As a result, the IJ found that Mr. Lal failed to meet his burden of proof that the alleged events did in fact occur.

The IJ further found that, even if Mr. Lal's story was taken to be true, he did not qualify for asylum because he was not persecuted in his home country. The short period of forced labor and the land confiscation did not rise to a level of severity constituting persecution. The IJ noted that Mr. Lal alleged he was persecuted because the government was looking for him, but the IJ found this unlikely given that he had remained in the same village for a long period of time without incident. The IJ concluded that Mr. Lal had failed to meet his burden in establishing eligibility for asylum, and in failing to meet that burden, had also failed to meet the burden for withholding of removal and protection under the CAT.

The BIA adopted and affirmed the decision of the IJ. Moreover, the BIA agreed that Mr. Lal's lack of reliable corroborating evidence casts doubt on his credibility and led to the conclusion that Mr. Lal did not meet his burden of proving eligibility for relief from removal.

## II. STANDARD OF REVIEW

Where the BIA affirms the decision of the IJ without opinion or additional explanation, this court then reviews the decision of the IJ. Moin v. Ashcroft, 335 F.3d 415, 418 (5th Cir. 2003). This court reviews factual findings of the IJ and BIA under a deferential standard. For this court to reverse a factual finding, "the applicant must show that 'the evidence he presented was so compelling that no reasonable factfinder could fail

to find the requisite fear of persecution.'" Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 351 (5th Cir. 2002) (quoting I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992)). It is not enough that the evidence supports the conclusion to reverse; the evidence must compel it. Elias-Zacarias, 502 U.S. at 481 n.1. See also Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001).

Credibility determinations are within the province of the factfinder. Chun v. I.N.S., 40 F.3d 76, 78 (5th Cir. 1994). This court will not substitute its judgment for that of the IJ with respect to the credibility of witnesses or ultimate findings of fact based on credibility determinations. Id.; Zhao v. Gonzales, 404 F.3d 295, 306 (5th Cir. 2005). Moreover, this court will not review decisions turning entirely on the IJ's assessment of the alien petitioner's credibility. Chun, 40 F.3d at 78.

## III. DISCUSSION

A.     Mr. Lal's Claims for Relief

Mr. Lal claims he is eligible for asylum, withholding of removal, and protection under the CAT. An alien who seeks asylum must establish that he is a refugee within the meaning of INA § 101(a)(42)(A). 8 U.S.C. § 1101(a)(42)(A). A refugee is defined as a person who is unable or unwilling to return to his own country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Id. An alien must have a subjective fear of persecution, and the fear must be objectively reasonable. Faddoul v. I.N.S., 37 F.3d 185, 188 (5th Cir. 1994).

An alien may apply for withholding of removal under INA § 241(b)(3)(A). 8 U.S.C. § 1231(b)(3)(A). Withholding of removal is granted if "the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." Id. It is more difficult to qualify for withholding of removal than for asylum. Rivera-Cruz v. I.N.S., 948 F.2d 962, 966 (5th Cir. 1991). For withholding of removal, the alien must establish a "clear probability of persecution." Id. (citing I.N.S. v. Stevic, 467 U.S. 407, 413 (1984)). An alien may also apply for relief under the CAT. The burden of proof is on the alien to establish that it is "more likely than not" that he will be tortured if removed to his home country. 8 C.F.R. § 208.16(c).

On appeal, Mr. Lal argues that he has met his burden of proof with respect to his claims. He contends that his testimony is sufficient and that additional evidence is not required. In support, he cites to the federal regulations which state, "The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 1208.13(a). Finally, Mr. Lal points to additional State Department Country Reports, not currently in the record, supporting his contention that the Chin are persecuted in Burma.[1]

B.    Record Review

---

[1]Mr. Lal points out that the IJ failed to consider certain additional reports on the situation in Burma and in neighboring India. To the extent that the reports affect the outcome of Mr. Lal's case, Mr. Lal should file a motion to reopen. As this court has stated, "The proper venue for proffering new evidence is not the Fifth Circuit on appeal, but the BIA through a motion to reopen the case." Faddoul, 37 F.3d at 190.

The IJ did not find Mr. Lal to be credible. This credibility finding affected the IJ's assessment that Mr. Lal did not meet his burden in establishing a well founded fear of persecution. The IJ had "reservations regarding the respondent's credibility," and he concluded that Mr. Lal fell "considerably short of meeting his burden of proof." As a result, Mr. Lal's reliance on the regulation provision which states that testimony alone, if credible, may be sufficient, 8 C.F.R. § 1208.13(a), is ill-founded.

No evidence in the record compels a conclusion that Mr. Lal should be deemed credible. Mr. Lal was the sole person to testify at his hearing, and the IJ had the benefit of evaluating his demeanor and behavior. In further support of his finding, the IJ pointed to the implausibility of Mr. Lal's entry into the United States, as well as the lack of corroborating or documentary evidence for his claims, where the evidence appeared to be readily available from friends residing in this country or in Burma. In light of this support, the record does not compel the contrary finding that Mr. Lal should be found credible. See Chun, 40 F.3d at 79. This court has held that it will not substitute its judgment for that of the IJ with regards to a credibility determination. Zhao, 404 F.3d at 306. Finally, where the IJ's decision turns on his assessment of the alien petitioner's credibility, this court will not overturn the decision.[2] Chun, 40 F.3d at 78.

---

[2]The IJ stated that, even if it accepted Mr. Lal's story as true, he was not persecuted in his home country. Mr. Lal testified to five instances of forced labor, each of one week's duration, in addition to the one instance of a beating by the Burmese army. The IJ concluded that this evidence does not rise to a level of severity necessary to engender a well-founded fear of persecution. To the extent that Mr. Lal claims his past persecution demonstrates he has a well founded fear of persecution under INA § 101(a)(42)(A), the IJ's negative finding in this regard was supported by the record, and we do not find the

## IV. CONCLUSION

Mr. Lal's petition for review is DENIED.

---

evidence compels a conclusion to the contrary.